JANE M. DUNIGAN, PLAINTIFF-APPELLEE, v. BERNARD JOSEPH DUNIGAN, DEFENDANT-APPELLANT.

Argued November term, 1922—Decided February 20, 1923.

Before Justices PARKER, BERGEN and MINTURN.

For the plaintiff-appellee, *Edmund A. Hayes.*

For the defendant-appellant, *Ephraim Culler.*

PER CURIAM.

The testimony on behalf of the plaintiff shows that the defendant leased from her father, Thomas Dunigan, a farm from the first day of April, 1921, at the rent of $500 a year, and that she succeeded to her father's right to the rent; that the rent was not paid. The defendant's case was a denial of the renting and that he was in possession by sufferance or permission of plaintiff's father, or as part owner, and was not to pay rent. The plaintiff has a judgment and defendant appeals, and the grounds upon which it is rested are (a) that it was improper to allow the defendant to be asked whether he saw a publication of the order to limit creditors of the estate of the father, to which he replied that he did not believe he ever saw it. The question and answer were not injurious to defendant; (b) refusal to allow in evidence receipts

for taxes paid by defendant prior to the year in question. They were immaterial, for if the lease was made for 1921 defendant could not deny the landlord's title. There is no statute making such receipts evidence, but aside from this defendant was permitted to testify that he had paid the taxes for a number of years, and this was not denied by the plaintiff; (*d*) that court excluded receipts for interest paid on mortgage. These receipts for interest paid had no bearing on the question of whether there was a letting for the year 1921, which was the only issue; ,(*e*) that a witness was not allowed to testify to statements made by defendant to him as to the nature of his occupation. This was clearly incompetent as defendant could not be corroborated by testimony regarding his own statements of a self-serving character. The other grounds of appeal rest on alleged errors in the charge of the court, the principal one being that the court instructed the jury that at the interview, when the letting is claimed to have been made, the lessor and defendant had struck a balance in their mutual accounts, and the error urged is that defendant denied that this was done, and, therefore, it presented a jury question. But a careful reading of the charge does not substantiate this claim. The court first dealt with the claim of plaintiff and said: "You will see in that statement that was made * * * there was rent discussed, and there was at that time an agreement arrived at between these two brothers and a balance struck for some amount. Mrs. Dunne says that balance was $1,900 and some odd dollars." This was said with regard to plaintiff's proofs, for it was immediately followed by an instruction that defendant denied this, which plainly left the dispute as to the balancing of the accounts to the jury who had the advantage of seeing the written statement, to which the court referred and which was in evidence. This statement which may show a settlement of the accounts was not printed in the record brought up by appellant, and he can have no advantage from the omission to put it in the record. The instruction was not happily expressed, but reading all of the charge the jury could not have been misled to

.think the court was withdrawing from it the question of the accounting.

The other objections argued have been examined but have not sufficient merit to require consideration. The judgment will be affirmed, with costs.